The Honorable Doug Matayo State Representative 3110 Magnolia Place Springdale, AR 72762-7416
Dear Representative Matayo:
I am writing in response to your request for my opinion on the following questions:
 1. A school district has outstanding bonds on January 1, 2001, to which ad valorem millage has been pledged pursuant to a vote. If the bonds to which the millage is pledged are retired after January 1, 2001, will such millage cease to be protected and thereby become available to be pledged to redevelopment district debt?
 2. Does the answer to question one depend on any of the following three variables relating to the source of the money used to retire the bonds:
 a) the bonds are retired from excess tax collections or from any other source except refunding bond proceeds;
 b) the bonds are retired from the proceeds of refunding bonds issued by the school district and voted; and
 c) the bonds are retired from the proceeds of refunding bonds issued by the school district and not voted?
 3. If the millage pledged to outstanding school district bonds pursuant to a vote is reduced by rollback or otherwise after January 1, 2001, will the excess millage which has been pledged cease to be protected by Ark. Const. amend. 78 and thereby become available to be pledged to redevelopment district debt?
RESPONSE
I must respectfully decline to answer your questions, which raise issues that I am informed will soon be the subject of a declaratory judgment action to be filed by the Fayetteville City Attorney in connection with the formation of a tax incremental financing (TIF) district, pursuant to Ark. Const. amend. 78 and A.C.A. § 14-168-301 to -322 (Supp. 2003), with the incremental increase in certain property tax revenues to be dedicated to retiring debt incurred to renovate the Mountain Inn in Fayetteville. More specifically, it is my understanding that the issue will be precisely what property-tax revenues will be subject to diversion to the newly created TIF district. It has long been the policy of this office to avoid rendering opinions on matters that are the subject of current or impending litigation. See Ark. Op. Att'y Gen. No. 2002-031 ("[I]n order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are either pending or appear inevitably bound to be submitted to the courts for resolution."); and Ark. Op. Att'y Gen. No. 96-138 (declining to issue an opinion where litigation was imminent on the question presented, where school districts had already obtained counsel in the matter, and where the Attorney General's office was charged with the duty of defending a state agency).
Having declined to address your specific questions, I will note generally that a millage that has fulfilled its purpose of retiring debt will lapse in the year the debt is retired, thus apparently mooting at least certain of your questions. Of course, the voters may, and in practice frequently do, dedicate the lapsed millage to some other purpose.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh